UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDEN R. THEROUX, Petitioner,
Full Name (under which you were convicted)

#372379
Prisoner Number

Oshkosh Correctional Institution
Place of Confinement

vs.

CHERYL EPLETT, Respondent.
Authorized Person Having Custody of Petitioner

Docket No. _____
(to be supplied by Clerk)

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

Caution: THIS IS NOT THE FORM TO BE USED, IF YOU CLAIM THAT YOUR FEDERAL SENTENCE OR CONVICTION IS UNLAWFUL, OR IF YOU ARE A PRETRIAL DETAINEE CHALLENGING YOUR PRECONVICTION CUSTODY, A FEDERAL PRISONER CHALLENGING THE EXECUTION OF YOUR SENTENCE OR AN ACTION TAKEN BY THE BUREAU OF PRISONS, OR A PERSON IN CUSTODY CHALLENGING AN IMMIGRATION-RELATED ORDER.

I. SUBJECT OF THIS PETITION

   A. Name and location of the state court that entered the judgment of conviction which you are challenging

   Eau Claire County Circuit Court

   721 Oxford Avenue

   Eau Claire, WI 54701

   B. Criminal docket or case number  2015CF837

   C. Date of the judgment of conviction  March 23, 2016

   D. Date of sentencing  June 17, 2016

   E. Length of sentence  Ct. 1 - 18 yrs.; Ct. 2 - 18 yrs.; Ct. 3 - 2 yrs.

   F. In this case, were you convicted on more than one count or of more than one crime?

   [X] Yes     [ ] No

   G. Identify all crimes of which you were convicted and sentenced in this case

   Ct. 1 - 1st Degree Child Sexual Assault

   Ct. 2 - Repeated Sexual Assault of Same Child

   Ct. 3 - Expose Child to Harmful Material

   H. What was your plea? (Check one)

   [X] Not guilty    [ ] Guilty    [ ] Insanity plea    [ ] Nolo contendere (no contest)

   If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

   N/A

   N/A

   N/A

   N/A

   I. If you went to trial, what kind of trial did you have? (Check one)

   [X] Jury    [ ] Judge only

SUBJECT OF THIS PETITION - continued

   J. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      ☐ Yes     ☒ No

      If yes, state the type(s) of hearing or proceeding

      N/A

## II. DIRECT STATE APPEAL OF CONVICTION

   A. Did you appeal from the judgment of conviction?

      ☐ Yes     ☒ No

      If yes, attach the decision(s) that resolved your appeal and answer the following questions:

      1. Date of filing appeal  N/A

      2. Grounds raised  N/A

          N/A

          N/A

          N/A

      3. Result  N/A

      4. Date  N/A

   B. Did you seek further review by the highest state court?

      ☐ Yes     ☒ No

      If yes, attach the decision(s) that resolved your petition for review and answer the following questions:

      1. Date of filing of petition for review  N/A

      2. Grounds raised  N/A

          N/A

          N/A

          N/A

      3. Result  N/A

      4. Date  N/A

DIRECT STATE APPEAL OF CONVICTION - continued

   C. Did you file a petition for certiorari in the United States Supreme Court?

      [ ] Yes     [X] No

      If yes, attach the decision(s) that resolved your petition for certiorari and answer the following questions:

      1. Date of filing petition for certiorari   N/A

      2. Grounds raised   N/A

         N/A

         N/A

      3. Result   N/A

      4. Date   N/A

III. STATE POST-CONVICTION RELIEF OTHER THAN DIRECT APPEAL

   A. Other than the appeals listed above in Section II, have you previously filed any other state petitions, applications, or motions concerning this state judgment of conviction?

      [X] Yes     [ ] No

      If yes, attach the decision(s) that resolved your application for state post-conviction relief and answer the following questions:

      1. Name of court   Eau Claire County Circuit Court

      2. Docket or case number   2015CF837

      3. Date of filing   February 8, 2017

      4. Type of petition, application, or motion filed   Postconviction Motion

      5. Grounds raised   Ct. 2 must be vacated on statutory and double jeopardy grounds and for resentencing

      6. Did you receive a hearing where evidence was given on your petition, application, or motion?

         [ ] Yes     [X] No

      7. Result   Ct. 1 was vacated and sentence on Ct. 2 was reduced to 16 years

STATE POST-CONVICTION RELIEF OTHER THAN DIRECT APPEAL- continued

    8. Date April 19, 2017 and May 24, 2017 respectively

    9. Did you appeal to the highest state court having jurisdiction over the action taken on your first state petition, application, or motion?

    ☐ Yes  ☒ No

B. If you filed a second petition, application, or motion, attach the decision and answer the following questions:

    1. Name of court Eau Claire County Circuit Court

    2. Docket or case number 2015CF837

    3. Date of filing March and April 22, 2019

    4. Type of petition, application, or motion filed Postconviction motion

    5. Grounds raised Sentence modification and vacating multiple DNA surcharges

    6. Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes  ☒ No

    7. Result Motion was denied

    8. Date May 14, 2019

    9. Did you appeal to the highest state court having jurisdiction over the action taken on your second state petition, application, or motion?

    ☐ Yes  ☒ No

    N/A

    N/A

C. If you filed a third petition, application, or motion, attach the decision and answer the following questions:

    1. Name of court Eau Claire County Circuit Court

    2. Docket or case number 2015CF837

    3. Date of filing March 25, 2020

STATE POST-CONVICTION RELIEF OTHER THAN DIRECT APPEAL- continued

4. Type of petition, application or motion filed  Postconviction motion for new trial

5. Grounds raised  Theroux was denied a fair trial as a result of trial counsel's ineffectiveness and postconviction counsel was ineffective for not raising trial counsel's ineffectiveness.

6. Did you receive a hearing where evidence was given on your petition, application, or motion?

   [ ] Yes   [X] No

7. Result  Motion was denied.

8. Date  April 8, 2020

9. Did you appeal to the highest state court having jurisdiction over the action taken on your third state petition, application, or motion?

   [X] Yes   [ ] No

## IV. GROUNDS FOR RELIEF

For this petition, state every ground supporting your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. <u>If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

CAUTION: <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.</u>

Ground One  Theroux's due process right to a fair trial was violated.

Supporting FACTS (Briefly summarize the facts without citing cases or law.)

See Ground Two and supporting facts.

GROUNDS FOR RELIEF - continued

~~[crossed out lined area]~~

If you did not exhaust your state remedies on Ground One, explain why.

N/A

N/A

N/A

Ground Two  Trial counsel was ineffective.

Supporting FACTS (Briefly summarize the facts without citing cases or law.)

The State submitted into evidence a picture of Theroux's penis for which the alleged victim testified that this was the picture Theroux showed her that supported Ct. 3 in the Complaint. Theroux informed trial counsel that he never showed the alleged victim this picture as it was not taken until years after the alleged crime was to have occurred. Trial counsel failed to investigate the facts concerning this picture to determine whether the picture was relevant or had probative value as evidence. The facts establish that the alleged victim could not have seen this picture as she alleged. (cont'd on p. 14)

GROUNDS FOR RELIEF - continued

If you did not exhaust your state remedies on Ground Two, explain why.

Ground Three  Ineffective assistance of postconviction counsel.

Supporting FACTS (Briefly summarize the facts without citing cases or law.)

Theroux informed his postconviction counsel of trial counsel's failures to investigate and the other errors cited in the Facts supporting GROUND TWO. Despite being armed with this knowledge, postconviction counsel did not investigate those errors prior to filing a postconviction motion during Theroux's direct appeal of his conviction. Postconviction counsel's failure to investigate deprived Theroux from receiving a new trial as a result of trial counsel's ineffectiveness. Theroux was entitled to the effective assistance of postconviction counsel because the representation occurred during Theroux's first direct appeal as of right.

If you did not exhaust your state remedies on Ground Three, explain why.

N/A

N/A

GROUNDS FOR RELIEF - continued

Ground Four  N/A

N/A

N/A

Supporting FACTS (Briefly summarize the facts without citing cases or law.)

N/A

N/A

N/A

N/A

N/A

N/A

N/A

N/A

N/A

N/A

N/A

N/A

If you did not exhaust your state remedies on Ground Four, explain why.

N/A

N/A

N/A

V. PRIOR FEDERAL CHALLENGES

A. Have you previously filed any type of petition, application, or motion in a federal court regarding the state conviction that you are challenging in this petition?

☐ Yes   ☒ No

If yes, attach the decision(s) that resolved your prior federal court challenge and answer the following questions:

1. Name of court  N/A

PRIOR FEDERAL CHALLENGES - continued

2. Docket or case number  N/A

3. Date of filing  N/A

4. Type of petition, application, or motion filed  N/A

5. Grounds raised  N/A

   N/A

   N/A

   N/A

   N/A

   N/A

6. Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐ Yes  ☒ No

7. Result  N/A

8. Date  N/A

9. Did you appeal the action taken on your first federal petition, application, or motion to a federal court of appeals?

   ☐ Yes  ☒ No

   If yes, attach the decision(s) that resolved your appeal and answer the following questions:

   a. Name of court  N/A

   b. Docket or case number  N/A

   c. Date of filing  N/A

   d. Type of petition, application, or motion filed  N/A

   e. Grounds raised  N/A

      N/A

      N/A

      N/A

PRIOR FEDERAL CHALLENGES - continued

    f. Result N/A

    g. Date N/A

B. Did you file a petition for certiorari in the United States Supreme Court?

   ☐ Yes     ☒ No

If yes, attach the decision(s) that resolved your petition for certiorari and answer the following questions:

1. Date of filing petition for certiorari N/A

2. Grounds raised N/A

   N/A

   N/A

   N/A

3. Result N/A

4. Date N/A

## VI. REPRESENTATION

A. Give the name and address of each attorney who represented you in the following:

1. At preliminary hearing Matthew J. Krische    Krische Law Office 21 S. Barstow St., Suite 209    Eau Claire, WI 54701

2. At arraignment and plea hearing Matthew J. Krische    Krische Law Office 21 S. Barstow St., Suite 209    Eau Claire, WI 54701

3. At trial Matthew J. Krische    Krische Law Office    21 S. Barstow St., Suite 209    Eau Claire, WI 54701

4. At sentencing Matthew J. Krische    Krische Law Office 21 S. Barstow St. Suite 209    Eau Claire, WI 54701

5. On direct appeal Michael E. Covey    Covey Law Office    P.O. Box 1771    Madison, WI 53701-1771

REPRESENTATION - continued

6. In any state post-conviction proceeding <u>Michael E. Covey    Covey Law Office</u>

   <u>P.O. Box 1771        Madison, WI 53701-1771</u>

7. On appeal from any ruling against you in a state post-conviction proceeding <u>N/A</u>

   <u>N/A</u>

   <u>N/A</u>

## VII. REQUEST FOR RELIEF

State exactly what you want the court to do for you.

<u>Hold an evidentiary hearing, vacate Theroux's conviction, and order any further relief that the Court deems proper, just, fair, and equitable.</u>

## VIII. DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, hereby declare under penalty of perjury that the foregoing information is true and correct.

Signed this <u>2nd</u> day of <u>December</u>, 20<u>22</u>.

<u>[signature]</u>
Signature of Petitioner

<u>N/A</u>
(Signature of lawyer, if any)

If you are signing the petition and are not the petitioner, state your relationship to the petitioner and explain why the petitioner is not signing this petition.

<u>N/A</u>
<u>N/A</u>
<u>N/A</u>

IX. <u>CERTIFICATE OF INMATE FILING</u> - Optional

    I, the undersigned, hereby declare under penalty of perjury that I handed this petition for writ of habeas corpus under 28 U.S.C. § 2254 to prison library staff for electronic filing with this Court on

        December 2, 2022
        (month, day, year)

Dated this 2nd day of December, 2022.

*[signature]*
Branden R. Theroux

The State introduced into evidence testimony from a police officer regarding the picture of Theroux's penis. This officer had testified that there was no way to determine if the photo of his (Theroux's) penis was actually taken in 2015 as the metadata had shown. Trial counsel never investigated the facts surrounding the picture, nor did he consult an expert in IT forensics to ascertain whether the metadata associated with the picture was accurate or not. Theroux's expert supplied facts that there was no indication that the metadata was corrupted or altered.

The State introduced into evidence testimony from an expert who conducted the alleged victim's forensic interview. The testimony from that expert established that no improper questions were asked of the alleged victim and that the alleged victim's behavior was consistent with victims of sexual abuse. Trial counsel did not investigate whether the forensic interviewer had asked leading questions or not, nor did he investigate whether there were other reasons for the alleged victim's behavior.

The State introduced Theroux's picture of his penis into the record. Trial counsel did not file a motion in limine to argue that the picture should not be entered into evidence because it was not relevant and the risk of prejudice outweighed any probative value it may have had. Trial counsel did not file such a motion because he failed to investigate the facts surrounding that picture, which establish the picture could have never been seen by the alleged victim.

The State introduced testimony into evidence from the alleged victim and her statements from a forensic interview. There were numerous statements made by the alleged victim to support her cred-

14

ibility as a witness. Theroux informed trial counsel that there were many false and contradictory statements made by the alleged victim and that the alleged victim's mother and sister would be able to provide impeachment testimony regarding those statements. Despite the fact that Theroux provided trial counsel with facts to investigate, trial counsel never investigated the testimony the alleged victim's mother and sister could provide to impeach the credibility of the State's alleged victim.

At trial, trial counsel failed to properly impeach the alleged victim regarding her numerous contradictory statements. This failure was a direct result of trial counsel's failure to investigate the facts surrounding those contradictory statements. Trial counsel failed to impeach the State's expert in forensic interviews to show that the expert asked leading questions. This failure was a direct result of trial counsel's failure to investigate whether improper questions were actually asked during the interview. Trial counsel failed to impeach the officer's testimony regarding the metadata for the picture of Theroux's penis to show that the picture was actually taken during a time when Theroux had no contact with the alleged victim. This failure was a direct result of trial counsel's failure to investigate the facts surrounding that picture.

Prior to trial, the State notified the defense that it was intending to have its expert in forensic interviews testify in both a fact and expert capacity. Despite having been placed on notice of this testimony, trial counsel failed to submit proposed jury instructions to caution the jury about conflating the expert's factual and expert testimony.

During closing arguments, the State made statements based on inference where the evidentiary basis was practically nil and also made comments that its expert was saying that the alleged victim's statements/victim herself was truthful. Trial counsel did not provide any objection to the statements made by the State.

Finally, the totality of trial counsel's errors failed to subject the State's case to the adversarial testing required by the Constitution, which deprived Theroux of a fair trial.