BRANDON R. THEROUX,

        Petitioner,

    v.                                                      Case No. 22-cv-1441-pp

CHERYL EPLETT,

        Respondent.

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1) AND REQUIRING RESPONDENT TO FILE RESPONSIVE PLEADING**

On December 2, 2022, the court received from the petitioner, who is incarcerated at Oshkosh Correctional Institution and is representing himself, a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2016 conviction for first-degree sexual assault, repeated sexual assault of a child and exposure of a child to harmful material. Dkt. No. 1. On January 25, 2023, the court received from the petitioner the filing fee.

**I.    Background**

The petition refers to State v. Theroux, Case No. 2015CF837 (Eau Claire County Circuit Court). The court has reviewed the publicly available docket in that case, available at https://wcca.wicourts.gov/. It indicates that on March 23, 2016, a jury found the petitioner guilty of first-degree sexual assault of a child, repeated sexual assault of the same child and exposure of harmful material to a child. Id. On June 17, 2016, the state court sentenced the petitioner. Id. The court entered a judgment of conviction on or around June 20, 2016. Id.

1

On February 8, 2017, the petitioner filed a post-conviction motion to vacate his conviction for repeated sexual assault of the same child. Dkt. No. 1 at 4. On April 19, 2017, the circuit court vacated the petitioner's conviction for sexual assault of a child (but not the conviction for repeated sexual assault of a child) and scheduled a new sentencing hearing. Theroux, Eau Claire County Case No. 2015CF000837. The circuit court re-sentenced the petitioner on May 24, 2017 and entered an amended judgment of conviction on May 26, 2017.[1] Id.

On March 22, 2019, the petitioner filed a motion for sentence modification. Id. The circuit court denied that motion on May 14, 2019 and denied the petitioner's subsequent motion for reconsideration on June 12, 2019. Id. The petitioner filed a postconviction motion for a new trial on March 25, 2020. Id. The circuit court denied the motion for a new trial on April 8, 2020. On December 28, 2021, the Court of Appeals affirmed the circuit court's denial of the petitioner's post-conviction motion. Id. On August 8, 2022, the Wisconsin Supreme Court denied the petition for review. Id.

## II.  Rule 4 Screening

### A.  Standard

A federal court must "screen" a *habeas* petition before allowing it to proceed. Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to

---

[1] The docket indicates that the court amended the judgment of conviction on August 28, 2020 to remove an order of lifetime supervision.

2

Case 2:22-cv-01441-PP   Filed 07/06/23   Page 2 of 8   Document 8

notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitation period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust

3

the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.     Analysis

The petition raises three grounds for relief: (1) a violation of the petitioner's due process rights to a fair trial, (2) ineffective assistance of trial counsel and (3) ineffective assistance of appellate counsel. Dkt. No. 1 at 6-8. All three claims are cognizable on federal *habeas* review. See Perruquet v. Briley, 390 F.3d 505, 510 (7th Cir. 2004) (explaining that due process entitles a criminal defendant to a fair trial); Lee v. Kink, 922 F.3d 772, 774 (7th Cir. 2019) (recognizing availability of *habeas* relief for ineffective assistance of trial counsel); Whyte v. Winkleski, 34 F.4th 617 (7th Cir. 2022) (reviewing claim for ineffective assistance of appellate counsel). The court will dismiss Ground One, however, because on the face of the petition, it appears that the petitioner's due process claim actually is a claim for ineffective assistance of trial counsel. The petition includes no facts to support a due process claim. Dkt. No. 1 at 6. In the section requesting him to summarize the facts supporting his due process claim, the petitioner wrote, "See Ground Two and supporting facts." Id. Ground Two alleges that the petitioner's trial counsel failed to investigate facts

4

concerning a sexually explicit photo that the State argued was shown by the petitioner to the victim. Dkt. No. 1 at 7. The petitioner argues that if his trial counsel had investigated the facts surrounding the photograph, his attorney would have been able to establish that the victim never saw the image. Id. A due process claim arises when "the state court commit[s] an error so serious as to render it likely that an innocent person was convicted." Perruquet, 390 F.3d at 510 (internal citations). The petitioner has not alleged facts that would support a claim of an error of that nature.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on a petitioner's *habeas* petition; it requires a petitioner to file his federal *habeas* petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d).

Far more than one year has passed since the state court entered an amended judgment of conviction in May 2017. But subsection (2) of the same

statute provides for tolling of the one-year period for "properly filed" state post-conviction motions. 28 U.S.C. §2244(d)(2). The record shows that the petitioner has filed several state post-conviction motions. Whether they were "properly filed," and how much time since entry of the amended judgment of conviction might be excluded as a result of those motions, is impossible for the court to determine at this stage. Because the limitation period is an affirmative defense and the State has the burden of proving that a petition was not timely filed, Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004), the court cannot conclude at the screening stage that the petition was not timely filed. The court will allow the petitioner to proceed and order the respondent to file a responsive pleading.

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on Grounds Two and Three as described in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the

respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 6th day of July, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**