UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDEN R. THEROUX,

        Petitioner,

                                            Case No. 22-cv-1441-pp

   v.

CHERYL EPLETT,

        Respondent.

**ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME TO RESPOND TO RESPONDENT'S MOTION TO DISMISS (DKT. NO. 14) AND DENYING PETITIONER'S REQUEST FOR ORDER REQUIRING RESPONDENT TO PROVIDE PETITIONER'S JAILHOUSE LAWYER INCREASED ACCESS TO PRISON LAW LIBRARY (DKT. NO. 14)**

On October 16, 2023, the court received from the petitioner a motion for an extension of time to respond to the respondent's motion to dismiss his petition for writ of *habeas corpus.* Dkt. No. 14. The court also received from the petitioner two declarations in support of his motion: one from the petitioner, dkt. no. 15, and another from the petitioner's "jailhouse lawyer," Dante Voss, dkt. no. 16. In the motion, the petitioner explains that "he has access to his prison's law library, but he lacks the ability to use it," dkt. no. 14 at 2 (citing Dkt. No. 15 at ¶4; Dkt. No. 16 at ¶4), and that he "has . . . been rejected by Wisconsin's legal assistance program," id. (citing Dkt. No. 15 at ¶3). Regarding his statement that he lacks the ability to use the prison's law library, the petitioner explains:

> I have never had any legal training, formal or otherwise. I find the law to be a difficult concept to understand even when it is explained to me by Dante Voss. I do not know how to do legal research, nor do I know what I would need to look for in order to formulate a response

1

> to the respondent's motion to dismiss my petition. Without Voss's assistance, I would not have any way to present my claims to this Court in an adequate, effective, or meaningful manner as a direct result of my legal ignorance.

Dkt. No. 15 at ¶4. The petitioner argues that because he lacks the ability to use the law library and has been rejected by the State's legal assistance program, effectively he is being denied "adequate access to this Court." Dkt. No. 14 at 1-2.

Turning to his jailhouse lawyer's role, the petitioner explains that "Voss is helping [him] to exercise his First Amendment right in accessing this Court" and contends that he "is constitutionally entitled to Voss's assistance . . . in drafting [the petitioner's] response to the respondent's motion to dismiss." Id. at 3-4. But because of conflicts between the law library's hours and Voss's work schedule, "Voss receives approximately one (1) 45-minute period a month in the prison's law library[,]" id. at 4 (citing Dkt. No. 16 at ¶5), which "amount of time of is inadequate for Voss to exercise . . . [the petitioner's] First Amendment rights in this Court," id. at 4-5 (citations omitted). As relief, the petitioner asks the court to "issue an order extending his time to file a response to Respondent's Motion to Dismiss . . . until January 18, 2024 and order Respondent to provide Voss with four (4) hours a day five (5) days a week in the prison's law library." Id. at 6.

The court will grant the petitioner's motion to the extent that it asks the court to extend the deadline for him to the respondent's motion to dismiss. The court will order the petitioner to file his brief in opposition to the respondent's motion to dismiss in time for the court to *receive* it by end of the day on **January 18, 2024**.

The court will deny the petitioner's request for an order requiring the respondent to provide Voss with increased access to the prison's law library. As

2

the petitioner notes in his motion, incarcerated persons have a constitutional right to access the courts. Bounds v. Smith, 430 U.S. 817, 821-22 (1977). This right "requires prison authorities to assist inmates in preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. The petitioner asserts that prison officials are not providing him with reasonable forms of assistance in presenting his claims to the court. Dkt. No. 14 at 3. But the petitioner has not asserted that the prison's law library is inadequate—only that he is unable to make proper use of it due to his lack of legal education. On that basis, he argues that he is entitled to Voss's assistance.

The petitioner relies on two cases to support his proposition that he has a constitutional right to the assistance of a jailhouse lawyer in pursuing his *habeas* petition: Johnson v. Avery, 393 U.S. 483 (1969) and Wolff v. McDonnell, 418 U.S. 539 (1974). In Avery, the United States Supreme Court held that "absent some reasonable alternative to assist inmates in the preparation of petitions for post-conviction relief, a state may not validly enforce a prison regulation barring inmates from furnishing legal assistance to other prisoners." Wetmore v. Fields, 458 F. Supp. 1131, 1141 (W.D. Wis. 1978) (citing Avery, 393 U.S. at 490). In Wolff, the Court extended Avery to include legal assistance to incarcerated persons in civil rights cases, Wolff, 418 U.S. at 577-80, and held that in instances where an incarcerated person is illiterate, or his case unusually complex, he may "seek the aid of a fellow inmate, or if that is forbidden, . . . [receive] adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff," id. at 570.

3

The petitioner is not claiming that some regulation or prison policy bars him from receiving Voss's assistance. Rather, Voss avers that the law library is open Tuesday through Thursday from 8:05 a.m. to 11:35 a.m. (broken up into four, forty-five-minute periods), while Voss's work schedule ties him up from 8:00 a.m. to 11:35 a.m. Monday through Thursday. Dkt. No. 16 at ¶¶5-6. Voss avers that he is able to attend the library's 45-minute period for his unit only if the period falls on a Friday, which Voss avers occurs only once a month. Id. at ¶5. Voss avers that he estimates that with only one, forty-five-minute library period per month, it will take him a year to complete the petitioner's response to the motion to dismiss; he avers that he will need at least four hours a day five days a week. Id. at ¶7. Voss also avers that the petitioner is scheduled to be released from prison on February 20, 2024. Id.[1]

The case law the petitioner cites prohibits the institution from denying him the assistance of a jailhouse lawyer in the absence of some other means of reasonable assistance, but the institution has not denied the petitioner the assistance of a jailhouse lawyer. It is Voss's work schedule that has done that. The fact that Voss is working is good, but it is not a reason for the court to order that Voss—or, the petitioner, whom Voss is assisting—receive different treatment than others who want to use the library. Further, the Seventh Circuit has held many times that "federal courts are most reluctant to interfere with the internal administration of state prisons because they are less qualified to do so than prison authorities." Roberts v. Cohn, 215 F.3d 1330 (Table), at *1 (7th Cir. May 11, 2000) (quoting Thomas v. Ramos, 130 F.3d 754, 764 (7th Cir.

---

[1] The Wisconsin Department of Corrections locator site indicates that the petitioner's mandatory release/extended supervision date is February 22, 2024 and his maximum discharge date is August 22, 2031. https://appsdoc.wi.gov/lop/details/detail.

4

1997)). Voss's declaration demonstrates that Oshkosh Correctional Institution, where the petitioner is confined, has an established and predictable schedule for library visitation, likely based on factors from security to COVID-19 precautions to availability of library staff. This federal court does not have the knowledge of those factors to enable it to tell the institution how to schedule its library hours.

The petitioner also argues that, by "helping [the petitioner] to exercise his First Amendment right in this Court," Voss effectively is "exercising his [own] First Amendment rights," suggesting that the court should order the institution to give Voss more time in the law library to protect *Voss's* constitutional rights. Dkt. No. 14 at 4. But *Voss* is not the petitioner in this case. The petitioner does not have standing to raise *Voss's* First Amendment claim in the *petitioner's habeas corpus* case. And even if this were Voss's case, the Seventh Circuit has held that jailhouse lawyers "do not have a constitutional right to provide legal assistance to other prisoners." Perotti v. Quinones, 488 F. App'x 141, 146 (7th Cir. 2012) (citing Shaw v. Murphy, 532 U.S. 223, 231 (2001)); but see Buise v. Hudkins, 584 F.2d 223, 228-29 (7th Cir. 1978) (concluding that a jailhouse lawyer's retaliatory transfer for providing legal assistance to other prisoners was actionable where the prison had no law library and the plaintiff was the prison's sole jailhouse lawyer).

The court will deny the petitioner's request for an order requiring the respondent to provide Voss with increased access to the prison's law library. If the petitioner needs more time to respond to the motion to dismiss, he may request it.

The court **GRANTS** the petitioner's request for an extension of time to file his brief in opposition to the respondent's the motion to dismiss. Dkt. No. 14.

The court **ORDERS** that the petitioner must file his brief in opposition to the petitioner's motion to dismiss in time for the court to *receive* it by the end of the day on **January 18, 2024**.

The court **DENIES** the petitioner's request for an order requiring the respondent to provide the petitioner's jailhouse lawyer with increased access to the prison's law library. Dkt. No. 14.

Dated in Milwaukee, Wisconsin this 30th day of October, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**