UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON R. THEROUX,

        Petitioner,

        v.                                      Case No. 22-cv-1441-pp

KEVIN A. CARR,

        Respondent.

**ORDER GRANTING PETITIONER'S MOTION TO AMEND *HABEAS* PETITION (DKT. NO. 28), DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS (DKT. NO. 11), DENYING AS MOOT PETITIONER'S MOTION FOR LEAVE TO FILE OVERSIZED BRIEF (DKT. NO. 27), DENYING AS MOOT RESPONDENT'S MOTION TO STRIKE OVERSIZED BRIEF (DKT. NO. 34), GRANTING PETITIONER'S MOTION TO SEAL (DKT. NO. 30) AND ORDERING PETITIONER TO FILE AMENDED PETITION**

On December 2, 2022, the petitioner, who is representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2016 convictions for first-degree sexual assault, repeated sexual assault of a child and exposure of a child to harmful material. Dkt. No. 1. On July 6, 2023, the court screened the petition and allowed the petitioner to proceed on two of the three grounds stated in the petition. Dkt. No. 8.

On September 5, 2023, the respondent filed a motion to dismiss the petition. Dkt. No. 11. The petitioner filed multiple motions for extensions of time to respond, dkt. nos. 14, 18, 24, which the court granted, dkt nos. 17, 21, 26. On June 13, 2024, the court received from the petitioner a motion asking for permission to file an oversized brief in opposition to the motion to dismiss,

1

or in the alternative, for another extension of time to file a compliant brief. Dkt. No. 27. On the same day, the court received from the petitioner his proposed opposition brief, dkt. no. 29, and a motion to seal certain exhibits in support of his opposition brief, dkt. no. 30. Also on the same day, the court received from the petitioner a motion for leave to amend his *habeas* petition to reinstate Ground One, which the court had dismissed at the screening stage. Dkt. No. 28.

The respondent filed a motion to strike the petitioner's opposition brief as oversized. Dkt. No. 34. The respondent then asked for an extension of time to file his reply brief in support of his motion to dismiss pending the resolution of the motion to strike the petitioner's brief. Dkt. No. 35. The court granted that motion and set new deadlines for the respondent's reply brief depending on whether it granted or denied the motion to strike. Dkt. No. 36.

The court will deny the petitioner's motion to amend his *habeas* petition because he did not comply with this court's Local Rules. Dkt. No. 28. The court will deny the petitioner's request for leave to file an oversized brief in opposition to the respondent's motion to dismiss, dkt. no. 27, and will deny as moot the respondent's motion to strike, dkt. no. 34. The court will grant the petitioner's motion to restrict a portion of the record. Dkt. No. 30. The court will allow the petitioner to file a new opposition brief prior to ruling on the pending motion to dismiss.

## I. Background

### A. Underlying State Case & Post-Conviction Motions

On March 23, 2016, a jury found the petitioner guilty of first-degree sexual assault of a child, repeated sexual assault of the same child and exposure of harmful material to a child. Dkt. No. 12-1 at 7. On June 17, 2016, the state court sentenced the petitioner. Id. The court entered a judgment of conviction on June 20, 2016. Id. at 9.

On February 8, 2017, the petitioner filed a post-conviction motion to vacate his conviction for repeated sexual assault of the same child, arguing that Wis. Stat. §948.025(3) prohibits charging a defendant with repeated sexual assault and a specific sexual assault during the same period. Dkt. No. 12-2 at 2. The State dismissed the first-degree sexual assault count. Id. On May 24, 2017, the circuit court re-sentenced the petitioner on the remaining counts and entered an amended judgment of conviction on May 26, 2017.[1] Dkt. No. 12-3 at 18.

On March 22, 2019, the petitioner filed a motion for sentence modification. Id. at 17. The circuit court denied that motion on May 14, 2019 and on June 12, 2019, denied the petitioner's subsequent motion for reconsideration. Id. at 16–17. On December 2, 2019, the petitioner filed another postconviction motion under Wis. Stat. §974.06. Id. at 15. The petitioner withdrew that motion three days later and advised the clerk that he

---

[1] The docket reflects that the court corrected the judgment of conviction again on August 28, 2020 to show that the sentencing judge did not order lifetime supervision. Dkt. No. 12-3 at 8.

3

would be filing a Knight petition (Wisconsin's procedure for raising claims of ineffective assistance of appellate counsel) in the court of appeals. Id.

Instead, on March 25, 2020, the petitioner filed a postconviction motion for a new trial, seeking an evidentiary hearing regarding "whether his postconviction counsel's alleged ineffectiveness was a sufficient reason to overcome the procedural bars of § 974.06(4) and State v. Escalona-Naranjo, 185 Wis. 2d 168 (1994)." Dkt. No. 12-2 at 2. The circuit court denied the motion for a new trial on April 8, 2020. Dkt. No. 12-3 at 14. The petitioner filed a motion for reconsideration, which the circuit court also denied. Id. at 12–13. On December 28, 2021, the Wisconsin Court of Appeals affirmed the circuit court's denial of the petitioner's post-conviction motion and denial of reconsideration. Id. at 7. The court determined that the petitioner's claims could have been raised in his prior postconviction motions and that Escalona-Naranjo barred him from raising those claims at this stage. Dkt. No. 12-2 at 3. On August 8, 2022, the Wisconsin Supreme Court denied the petition for review. Dkt. No. 12-3 at 6.

B.  Federal *Habeas* Proceedings

The petitioner filed his federal *habeas* petition with this court on December 2, 2022. Dkt. No. 1. The petition raises three grounds for relief: (1) a violation of the petitioner's due process rights to a fair trial, (2) ineffective assistance of trial counsel and (3) ineffective assistance of appellate counsel. Dkt. No. 1 at 6-8. The court screened the petition and dismissed the first ground because "on the face of the petition, it appears that the petitioner's due

4

process claim actually is a claim for ineffective assistance of trial counsel" and because the court found that the petition lacked facts to support a due process claim. Dkt. No. 8 at 4. The court allowed the petitioner to proceed on Grounds Two and Three. Id. at 6.

On September 5, 2023, the respondent filed a motion to dismiss the petition. Dkt. No. 11. The respondent argues that the petition is both time-barred and procedurally defaulted. Dkt. No. 12 at 1. The petitioner sought several extensions of time to respond to the motion to dismiss. Dkt. Nos. 14, 18, 24. After his third extension request, the court informed the petitioner that if he did not file his response by June 13, 2024, the court would rule on the respondent's motion without input from the petitioner. Dkt. No. 26. On June 13, the court received from the petitioner a motion for leave to file an oversized brief in opposition to the motion to dismiss. Dkt. No. 27. The petitioner argued that in his opposition brief, he "has the burden to show that he is factually innocent and that his conviction was the result of constitutional error." Id. at 2. The petitioner maintained that he must "address every single constitutional error that he believe[s] was both supported in law AND fact." Id. He argued that because he is proceeding *pro se*, he needed additional pages to fully articulate these claims. Id. at 3. In the alternative, the petitioner requested a fourth thirty-day extension of time to file a compliant brief. Id. That same day, the court received from the petitioner a *ninety-three-page* proposed brief in opposition to the motion to dismiss. Dkt. No. 29. The court also received from

5

the petitioner a motion to seal certain exhibits attached to his declaration in support of his opposition brief. Dkt. No. 30.

The respondent moved to strike the petitioner's brief as oversized. Dkt. No. 34. The respondent argued that the brief is three times the length permitted by the Local Rules "and is vastly disproportionate to Respondent's brief and to the issues presented." Id. at 1. While the respondent's brief focused on procedural arguments, the respondent argued that the petitioner had included briefing on the merits of his claims, which are not yet at issue. Id. at 3. In response, the petitioner argued that he is required to show that he is actually innocent of the crime for which he was convicted, which he could not accomplish in thirty pages. Dkt. No. 38 at 2–3. The petitioner asked that instead of striking his brief, the court give the respondent permission to file a forty-five-page reply which would allow the respondent to fully address the petitioner's arguments. Id. at 1.

Also on June 13, 2024 (the same day the court received his opposition to the motion to dismiss), the court received from the petitioner a motion for leave to amend his *habeas* petition. Dkt. No. 28. The petitioner argued that he "has laid out claims of prosecutorial misconduct and error on the part of the state court, along with facts supporting those, that resulted in his conviction, despite the fact that he is innocent." Id. at 2. The petitioner sought to amend Ground One of the petition with these facts to support his claim that he "was denied a fair trial in violation of due process." Id. The petitioner stated that he was "unaware" of the facts supporting these errors until he began drafting his

6

opposition brief. Id. The petitioner asserted that it "made more sense" to file his opposition brief and "then cite the brief for the facts supporting Ground One, instead of duplicating the same information in a motion to amend." Id. The petitioner did not attach to his motion a proposed amended petition.

**II.    Analysis**

    A.    Motion for Leave to Amend <u>Habeas</u> Petition (Dkt. No. 28)

Federal Rule of Civil Procedure is "made applicable to habeas proceedings" by 28 U.S.C. § 242, Fed. R. Civ. P. 81(a)(4) and Rule 11 of the Rules Governing Habeas Cases. <u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005). Under Rule 15(a)(1),

> [a] party may amend its pleading once as a matter of course within (1) 21 days after serving it, or (2) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Rule 15(a)(2) states that "[i]in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The court has broad discretion to deny a request to amend when there is delay, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the respondent or if the amendment would be futile. <u>Hukic v. Aurora Loan Servs.</u>, 588 F.3d 420, 432 (7th Cir. 2009).

This is the petitioner's first request to amend his petition. But the respondent filed a motion to dismiss on September 5, 2023, and the petitioner did not ask permission to amend his petition until June 13, 2024, well outside

7

the twenty-one days granted by Rule 15(a)(1). That means that at the time the petitioner filed his motion to amend, he no longer had a right to amend once "as a matter of course." Rule 15(a)(2) governs, and the petitioner needs the court's permission to amend. The court has the discretion to grant or to deny the request to amend.

To justify the amount of time that passed between the date on which the court issued its order screening the original petition (July 6, 2023) and the date on which the court received the petitioner's motion for leave to amend (June 13, 2024),[2] the petitioner argues that he was "unaware" of the facts supporting his due process claim until he started to work on his brief in opposition to the respondent's motion to dismiss. Dkt. No. 28 at 2. The petitioner seems to be under the impression that he can cite to his opposition brief to support his amended petition. See id. ("Voss [the petitioner's jailhouse lawyer] delayed bringing the motion to amend because it made more sense to get the Brief Opposing Motion to Dismiss Habeas Petition done first and then cite the brief for the facts supporting Ground One, instead of duplicating the same information in a motion to amend."). This court's local rules require that an amended pleading "may not incorporate any prior pleading by reference." Civil Local Rule 15(a) (E.D. Wis.). The petitioner's motion to amend suggests that he misunderstands the Local Rules, rather than any intentional delay or dilatory motive on his part. The court cannot see that the respondent would be unduly prejudiced by an amendment; the respondent did not oppose the petitioner's

---

[2] The petitioner dated the motion May 25, 2024. Dkt. No. 28 at 3.

motion to amend his petition. Although the respondent has filed a motion to dismiss the original petition, the court has not ruled on that motion, so no prejudice will result from allowing the petitioner to amend. See Nohara v. Prevea Clinic Inc., Case No. 20-C-1079, 2022 WL 1504925, at *2 (E.D. Wis. May 12, 2022) (granting motion to amend complaint and denying pending motion to dismiss as moot).

The court cannot determine whether the proposed amendment would be futile because the petitioner did not attach to his motion a complete, proposed, amended petition. The motion to amend does not comply with any of the court's local rules governing amendments to pleadings. The motion does not reproduce the entire pleading as amended. Civil L.R. 15(a). The petitioner does not specifically state the changes he wishes to make or include in the proposed amended complaint as an attachment to the motion. Civil L.R. 15(b). And it is not the court's obligation to sift through the petitioner's ninety-three-page brief to try to identify "the facts supporting Ground One." Dkt. No. 28 at 2.

The court will grant the petitioner's motion for leave to amend his petition and order the petitioner to file a complete, amended petition. The petitioner needs to put all his grounds for relief in a single, amended petition, filed on the court's form (which the court will include with this order). The amended petition must be complete in itself; the petitioner must not refer the court back to his original petition or his brief in opposition to the motion to dismiss. On pages 6-9 of the court's form, the petitioner must list all the grounds on which he wants to proceed—the ones from his original petition and

9

the ones from his amendment. He must file this amended petition in time for the court to receive it by the deadline the court will set below. If the court receives the amended petition by the deadline, the court will screen it.

The court emphasizes that Fed. R. Civ. P. 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A pleading that is too long and wordy runs the risk that the court (and the respondent) will find it incomprehensible and will have difficulty figuring out the heart of the petitioner's claims. The Seventh Circuit has held that it is possible to "write a short statement narrating the *claim*—which is to say, the basic grievance" even while providing particular details.

B.   Motion to Seal (Dkt. No. 30)

Although the court is allowing the petitioner to amend his petition (which moots the respondent's motion to dismiss and related motions), the court will address the petitioner's motion to seal exhibits he filed in support of his brief in opposition to the motion to dismiss, because those exhibits will remain on the public docket. See Dkt. No. 31. The petitioner argues that certain exhibits should be filed under seal because they contain interviews with and identifying information about the child victim he was convicted of sexually assaulting. Dkt. No. 30 at 2–3. The petitioner argues that proceedings involving children are made confidential under Chapter 48 of the Wisconsin Statutes. Id. at 3. The respondent did not oppose the motion.

This court's General Local Rule 79(d)(3) requires a party who files a motion to seal a document to support that motion with "sufficient facts

10

Case 2:22-cv-01441-PP   Filed 09/30/24   Page 10 of 13   Document 39

demonstrating good cause for withholding the document or material from the public record." The Seventh Circuit has found good cause to seal "trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)." Baxter Int'l, Inc. v. Abbott Lab'ys, 297 F.3d 544, 546 (7th Cir. 2002). Here, the exhibits the petitioner seeks to seal contain police reports and interview transcripts regarding the sexual assault of a child and contain the name and other identifying information about that child. The court determines that there is good cause to keep these documents restricted from public view, to protect the child victim's identity. The court will grant the petitioner's motion, but will order that the documents be restricted to viewing by the court, the petitioner and the respondent, rather than ordering that they be sealed. It is a small distinction, but only the court may view a sealed document, whereas the parties and the court may view a restricted document.

### C. The Remaining Motions

Because the court is allowing the petitioner to amend the petition, the respondent's motion to dismiss the original petition is moot. Dkt. No. 11.

As the court has explained, the petitioner sought leave to file an oversized brief. Dkt. No. 27. The same day the court received that motion, it received a *ninety-three-page* brief from the petitioner. Dkt. No. 29. The court will deny this motion as moot because it is denying as moot the respondent's motion to dismiss. With regard to future briefs, the petitioner should be aware

11

that the court is highly unlikely to grant him leave to file a brief that is over three times the length allowed by this court's local rules. The court understands that the petitioner's claims are very important to him and that he wants to leave no stone unturned. But filing a ninety-three-page brief almost guarantees that neither the respondent nor the court will be able to review the arguments in a timely fashion. This court has granted motions to file oversized briefs when the party making the motion needs a few additional pages, but it has never granted a party leave to file a brief of that length. In the future, the petitioner will need to do what all litigants do—figure out how to fit the arguments he needs to make into the space he is allotted, and if he cannot do that, he may make a request for a *small, reasonable* extension of a few pages.

The court also will deny as moot the petitioner's motion for an extension of time to file a timely brief. Dkt. No. 27.

Finally, the court will deny as moot the respondent's motion to strike the petitioner's oversized brief. Dkt. No. 34.

### III. Conclusion

The court **GRANTS** the petitioner's motion for leave to amend his petition. Dkt. No. 28.

The court **DENIES AS MOOT** the respondent's motion to dismiss. Dkt. No. 11.

The court **DENIES AS MOOT** the petitioner's motion for leave to file an oversized brief. Dkt. No. 27.

The court **DENIES AS MOOT** the respondent's motion to strike the petitioner's oversized brief. Dkt. No. 34.

The court **GRANTS** the petitioner's motion to restrict a portion of the record. Dkt. No. 30.

The court **ORDERS** the Clerk of Court to restrict to viewing by the court, the petitioner and the respondent Exhibits 24 (Dkt. No. 31-4), 32 (Dkt. No. 31-7) and 33 (a CD) to the petitioner's declaration in support of his brief in opposition to the respondent's motion to dismiss.

The court **ORDERS** that by the end of the day on **November 29, 2024**, the petitioner must file an amended petition that complies with this order and is prepared on the court's form. The petitioner must file the amended complaint in time for the court to *receive* it by day's end on November 29, 2024. If the court does not receive the amended petition, or a request for more time to file the amended petition, by the end of the day on November 29, 2024, the court may dismiss the petition under Civil L.R. 41(c) for the petitioner's failure to diligently prosecute it.

Dated in Milwaukee, Wisconsin this 30th day of September, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**