UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN



BRANDEN R. THEROUX, Petitioner,
Full Name (under which you were convicted)

#372379
Prisoner Number

Community Custody
Place of Confinement

vs.

JARED HOY, Secretary, Respondent.
Authorized Person Having Custody of Petitioner

U.S. District Court
Wisconsin Eastern
DEC - 2 2024
FILED
Clerk of Court

Docket No. 22-CV-1441
(to be supplied by Clerk)

AMENDED

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

Caution: THIS IS NOT THE FORM TO BE USED, IF YOU CLAIM THAT YOUR FEDERAL SENTENCE OR CONVICTION IS UNLAWFUL, OR IF YOU ARE A PRETRIAL DETAINEE CHALLENGING YOUR PRECONVICTION CUSTODY, A FEDERAL PRISONER CHALLENGING THE EXECUTION OF YOUR SENTENCE OR AN ACTION TAKEN BY THE BUREAU OF PRISONS, OR A PERSON IN CUSTODY CHALLENGING AN IMMIGRATION-RELATED ORDER.

I. **SUBJECT OF THIS PETITION**

  A. Name and location of the state court that entered the judgment of conviction which you are challenging

  Eau Claire County Circuit Court

  721 Oxford Avenue

  Eau Claire, WI 54701

  B. Criminal docket or case number  2015CF837

  C. Date of the judgment of conviction  March 23, 2016

  D. Date of sentencing  June 17, 2016

  E. Length of sentence  Ct. 1 - 18 years; Ct. 2 - 18 years; Ct. 3 - 2 years

  F. In this case, were you convicted on more than one count or of more than one crime?

  ☒ Yes   ☐ No

  G. Identify all crimes of which you were convicted and sentenced in this case

  Ct. 1 - 1st Degree Child Sexual Assault

  Ct. 2 - Repeated Sexual Assault of Same Child

  Ct. 3 - Expose Child to harmful Material

  N/A

  H. What was your plea? (Check one)

  ☒ Not guilty   ☐ Guilty   ☐ Insanity plea   ☐ Nolo contendere (no contest)

  If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

  N/A

  N/A

  N/A

  N/A

  I. If you went to trial, what kind of trial did you have? (Check one)

  ☒ Jury   ☐ Judge only

SUBJECT OF THIS PETITION - continued

    J. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

       ☐ Yes    ☒ No

       If yes, state the type(s) of hearing or proceeding

       N/A

II. DIRECT STATE APPEAL OF CONVICTION

    A. Did you appeal from the judgment of conviction?

       ☐ Yes    ☒ No

       If yes, attach the decision(s) that resolved your appeal and answer the following questions:

       1. Date of filing appeal  N/A

       2. Grounds raised  N/A

          N/A

          N/A

          N/A

       3. Result  N/A

       4. Date  N/A

    B. Did you seek further review by the highest state court?

       ☐ Yes    ☒ No

       If yes, attach the decision(s) that resolved your petition for review and answer the following questions:

       1. Date of filing of petition for review  N/A

       2. Grounds raised  N/A

          N/A

          N/A

          N/A

       3. Result  N/A

       4. Date  N/A

## DIRECT STATE APPEAL OF CONVICTION - continued

C. Did you file a petition for certiorari in the United States Supreme Court?

☐ Yes  ☒ No

If yes, attach the decision(s) that resolved your petition for certiorari and answer the following questions:

1. Date of filing petition for certiorari  N/A
2. Grounds raised  N/A

   N/A

   N/A

3. Result  N/A
4. Date  N/A

## III. STATE POST-CONVICTION RELIEF OTHER THAN DIRECT APPEAL

A. Other than the appeals listed above in Section II, have you previously filed any other state petitions, applications, or motions concerning this state judgment of conviction?

☒ Yes  ☐ No

If yes, attach the decision(s) that resolved your application for state post-conviction relief and answer the following questions:

1. Name of court  Eau Claire County Circuit Court
2. Docket or case number  2015CF837
3. Date of filing  February 8, 2017
4. Type of petition, application, or motion filed  Postconviction Motion
5. Grounds raised  Ct. 2 must be vacated on statutory and double jeopardy grounds and for resentencing.

6. Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐ Yes  ☒ No

7. Result  Ct. 1 was vacated and sentence on Ct. 2 was reduced to 16 years.

## STATE POST-CONVICTION RELIEF OTHER THAN DIRECT APPEAL- continued

8. Date April 19, 2017 and May 24, 2017 respectively.

9. Did you appeal to the highest state court having jurisdiction over the action taken on your first state petition, application, or motion?

☐ Yes ☒ No

B. If you filed a second petition, application, or motion, attach the decision and answer the following questions:

1. Name of court Eau Claire County Circuit Court
2. Docket or case number 2015CF837
3. Date of filing March of 2019 and April 22, 2019
4. Type of petition, application, or motion filed Postconviction motion.
5. Grounds raised Sentence modification and vacating multiple DNA surcharges.

6. Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

7. Result Motion was denied.
8. Date May 14, 2019

9. Did you appeal to the highest state court having jurisdiction over the action taken on your second state petition, application, or motion?

☐ Yes ☒ No

N/A

N/A

C. If you filed a third petition, application, or motion, attach the decision and answer the following questions:

1. Name of court Eau Claire County Circuit Court
2. Docket or case number 2015CF837
3. Date of filing March 25, 2020

STATE POST-CONVICTION RELIEF OTHER THAN DIRECT APPEAL- continued

4. Type of petition, application or motion filed  Postconviction motion for a new trial.

5. Grounds raised  Theroux was denied a fair trial as a result of prosecutorial misconduct and ineffective assistance of counsel, and postconviction counsel was ineffective for not raising trial counsel's ineffectiveness.

6. Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐ Yes  ☒ No

7. Result  Motion was denied.

8. Date  April 8, 2020

9. Did you appeal to the highest state court having jurisdiction over the action taken on your third state petition, application, or motion?

   ☒ Yes  ☐ No

IV. **GROUNDS FOR RELIEF**

For this petition, state every ground supporting your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.

Ground One  Theroux's due process right to a fair trial was violated by the trial court.

Supporting FACTS (Briefly summarize the facts without citing cases or law.)

The trial court made a ruling that the State's expert in forensic interviews could only testify in rebuttal concerning the common characteristics of child sexual assault victims that directly mirrored the alleged victim's behaviors. Despite this ruling, the trial court allowed the expert to testify in the State's case-in-chief. Allowing the expert to testify in such a manner was tantamount to the expert's testimony being used as substantive evidence

## GROUNDS FOR RELIEF - continued

that the sexual abuse had occurred. Further, the trial court failed to give the jury a limiting instruction that the expert's testimony should not be used as substantive evidence that abuse occurred.

The trial court was aware that the State's expert witness in forensic interviews would be testifying in a dual capacity (fact and expert). Despite this awareness, the trial court failed to take appropriate steps to prevent the expert from "seamlessly switcihing back-and-forth between expert and fact testimony." The trial court never gave the jury a limiting instruction to weigh the expert's fact and expert testimony under their proper standards. The trial court also allowed the expert to testify that she made sure the alleged victim knew the difference between a truth and a lie before the interview, which gave the jury the impression that the expert (continued on p. 13)

If you did not exhaust your state remedies on Ground One, explain why.

N/A

N/A

N/A

Ground Two: Theroux's due process right to a fair trial was violated as a result of prosecutorial misconduct.

Supporting FACTS (Briefly summarize the facts without citing cases or law.)

The State alleged, in the Criminal Complaint, that Theroux showed the alleged victim a picture of an unclothed male penis in 2012-2013. At trial, the State introduced a picture of Theroux's penis into evidence that the facts establish was taken in 2015. The State knew, or should have known, that this picture was not in existence in 2012-2013 and could not have been the picture Theroux alleged to have shown to the alleged victim during that time frame. Despite such knowledge, the State submitted false evidence to the jury, which they used to convict Theroux.

The State, in a further attempt to mislead the jury with false evidence, had an investigator get on the stand and testify that the metadata for the photo could not be verified. This was false because the only thing that could not be verified was the time zone. However, with other evidence on the phone, it has been established that the

## GROUNDS FOR RELIEF - continued

picture was taken in 2015, not 2012-2013 as the Complaint alleged.

The State, during closing arguments, told the jury that it was unknown when the picture was taken, but that it was the one shown to the alleged victim because her testimony described the picture (continued on p. 13)

If you did not exhaust your state remedies on Ground Two, explain why.

N/A

N/A

N/A

Ground Three  Ineffective assistance of trial counsel.

Supporting FACTS (Briefly summarize the facts without citing cases or law.)

The State submitted into evidence a picture of Theroux's penis for which the alleged victim testified that this was the picture that Theroux showed her. This evidence was used to support Count 3 in the Criminal Complaint. Theroux informed trial cousnel that he never showed the alleged victim this picture as it was not taken until years after the alleged crime was to have occurred. Trial counsel failed to investigate the facts concerning this picture to determine whether the picture was relevant or had probative value as evidence. The facts establish that the alleged victim could not have seen this picture in 2012-2013 as she alleged.

The State introduced into evidence the testimony from a police officer regarding the picture of Theroux's penis. This officer had testified that there was no way to determine if the photo of Theroux's penis was actually taken in 2015 as the metadata had shown. Trial counsel never investigated the facts surrounding the picture, nor did he consult an expert in digital forensics to ascertain whether the metadata associated with the picture was accurate or not. Theroux's expert supplied facts that there was no indication that the metadata was corrupted or altered. (continued on p. 13)

If you did not exhaust your state remedies on Ground Three, explain why.

N/A

N/A

## GROUNDS FOR RELIEF - continued

Ground Four: Ineffective assistance of postconviction/appellate counsel.

Supporting FACTS (Briefly summarize the facts without citing cases or law.)

Theroux informed his postconviction/appellate counsel of trial counsel's failures to investigate and the other errors cited in the Facts supporting GROUND TWO. Despite being armed with this knowledge, postconviction/appellate counsel did not investigate those errors prior to filing a postconviction motion during Theroux's direct appeal of his conviction. Postconviction/appellate counsel's failure to investigate deprived Theroux from receiving a new trial as a result of trial counsel's ineffectiveness. Theroux was entitled to the effective assistance of post-conviction counsel because the representation occurred during Theroux's first direct appeal as of right.

If you did not exhaust your state remedies on Ground Four, explain why.

N/A

N/A

N/A

## V. PRIOR FEDERAL CHALLENGES

A. Have you previously filed any type of petition, application, or motion in a federal court regarding the state conviction that you are challenging in this petition?

☐ Yes  ☒ No

If yes, attach the decision(s) that resolved your prior federal court challenge and answer the following questions:

1. Name of court  N/A

§ 2254

- 9 -

June 2013

Case 2:22-cv-01441-PP   Filed 12/02/24   Page 9 of 16   Document 40

## PRIOR FEDERAL CHALLENGES - continued

2. Docket or case number  N/A
3. Date of filing  N/A
4. Type of petition, application, or motion filed  N/A
5. Grounds raised  N/A

   N/A

   N/A

   N/A

   N/A

   N/A

6. Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐ Yes   ☒ No

7. Result  N/A
8. Date  N/A
9. Did you appeal the action taken on your first federal petition, application, or motion to a federal court of appeals?

   ☐ Yes   ☒ No

   If yes, attach the decision(s) that resolved your appeal and answer the following questions:

   a. Name of court  N/A
   b. Docket or case number  N/A
   c. Date of filing  N/A
   d. Type of petition, application, or motion filed  N/A
   e. Grounds raised  N/A

      N/A

      N/A

      N/A

## PRIOR FEDERAL CHALLENGES - continued

    f. Result  N/A

    g. Date  N/A

B. Did you file a petition for certiorari in the United States Supreme Court?

☐ Yes     ☒ No

If yes, attach the decision(s) that resolved your petition for certiorari and answer the following questions:

1. Date of filing petition for certiorari  N/A

2. Grounds raised  N/A

   N/A

   N/A

   N/A

3. Result  N/A

4. Date  N/A

## VI. REPRESENTATION

A. Give the name and address of each attorney who represented you in the following:

1. At preliminary hearing  Matthew J. Krische     Krische Law Office
   21 S. Barstow St., Suite 209     Eau Claire, WI 54701

2. At arraignment and plea hearing  Matthew J. Krische     Krische Law Office
   21 S. Barstow St., Suite 209     Eau Claire, WI 54701

3. At trial  Matthew J. Krische     Krische Law Office
   21 S. Barstow St., Suite 209     Eau Claire, WI 54701

4. At sentencing  Matthew J. Krische     Krische Law Office
   21 S. Barstow St., Suite 209     Eau Claire, WI 54701

5. On direct appeal  Michael E. Covey     Covey Law Office
   P.O. Box 1771     Madison, WI 53701-1771

REPRESENTATION - continued

    6. In any state post-conviction proceeding    Michael E. Covey        Covey Law Office

        P.O. Box 1771        Madison, WI 53701-1771

    7. On appeal from any ruling against you in a state post-conviction proceeding   N/A

        N/A

        N/A

## VII. REQUEST FOR RELIEF

State exactly what you want the court to do for you.

Theroux respectfully requests that this Honorable Court issue an order for discovery, hold an evidentiary hearing vacate his conviction, and order any further relief that the Court deems proper, just, fair, and equitable.

## VIII. DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, hereby declare under penalty of perjury that the foregoing information is true and correct.

Signed this _24TH_ day of _November_, 20_24_.

_____
Signature of Petitioner

_____
(Signature of lawyer, if any)

If you are signing the petition and are not the petitioner, state your relationship to the petitioner and explain why the petitioner is not signing this petition.

**GROUND ONE SUPPORTING FACTS CONTINUED**

found the alleged victim to be telling the truth about the alleged sexual abuse. Such errors on the trial court's part constitute an impermissible vouching, by an expert, of the credibility of a witness.

**GROUND TWO SUPPORTING FACTS CONTINUED**

(which she could have never seen). The State also argued that Theroux had deleted the picture because he knew about the charges against him, despite NO evidence in the record that he deleted it AFTER he found out about the charges. Such false evidence and comments during closing argument clearly affected the jury's decision to convict Theroux.

Finally, the State, at the motion *in limine* hearing prior to trial, informed the trial court that it intended to use the testimony, about the common characteristics of child sexual assault victims, from its expert in forensic interviews during rebuttal. At trial, the State used that testimony in its case-in-chief, rather than in rebuttal. Lying to a court is clear misconduct on the part of a prosecutor. Using the testimony in its case-in-chief amounted to substantive evidence of abuse being submitted to the jury, which the jury relied upon in convicting Theroux of such heinous crimes.

**GROUND THREE SUPPORTING FACTS CONTINUED**

The State introduced as evidence testimony from an expert who conducted the alleged victim's forensic interview. The testimony from that expert established that no improper questions were asked of the alleged victim and that the alleged victim's behavior

was consistent with the victims of sexual abuse. Trial counsel did not investigate whether the forensic interviewer had asked leading questions or not, nor did he investigate whether there were other reasons for the alleged victim's behavior.

The State introduced Theroux's picture of his penis into the record. Trial counsel did not file a motion *in limine* to argue that the picture should not be entered into evidence because it was not relevant, and the risk of prejudice outweighed any probative value it may have had. Trial counsel did not file such a motion because he failed to investigate the facts surrounding that picture, which established that the picture could have never been seen by the alleged victim.

The State introduced evidence from the alleged victim and her statements from a forensic interview. There were numerous inconsistent statements made by the alleged victim to support her lack of credibility as a witness. Theroux informed trial counsel that there were many false and contradictory statements made by the alleged victim and that the alleged victim's mother and sister would be able to provide impeachment testimony regarding those statements. Even though Theroux provided trial counsel with facts to investigate, trial counsel never investigated the testimony of the alleged victim's mother and sister, which could have been provided to impeach the credibility of the State's alleged victim.

At trial, trial counsel failed to properly impeach the alleged victim regarding her numerous contradictory statements. This failure was a direct result of trial counsel's failure to investigate the facts surrounding those contradictory statements. Trial counsel failed to

impeach the State's expert in forensic interviews to show that the expert asked leading, suggestive, and asked-and-answered questions during the forensic interview of the alleged victim. This failure was a direct result of trial counsel's failure to investigate whether improper questions were asked during the interview. Trial counsel failed to impeach the officer's testimony regarding the metadata for the picture of Theroux's penis to show that the picture was taken during a time when Theroux had no contact with the alleged victim. This failure was a direct result of trial counsel's failure to investigate the facts surrounding that picture.

Prior to trial, trial counsel was provided with discovery that contained facts demonstrating that the alleged victim had made a previous allegation of sexual assault that was found to be false. Trial counsel failed to utilize this information to impeach the alleged victim. Trial counsel's failure to utilize this information was a direct result of his failure to thoroughly investigate the case. After Theroux's conviction, information has come to light that the alleged victim also made sexual assault allegations against her father who was charged and later had the charges dismissed when the alleged victim's credibility was proven.

Prior to trial, the State notified the defense that it was intending to have its expert in forensic interviews testify in both a fact and expert capacity. Despite having been placed on notice of this testimony, trial counsel failed to submit proposed jury instructions to caution the jury about conflating the expert's factual and expert testimony.

During closing arguments, the State made statements, based on inference, where the evidentiary basis for such statements was nil, and made comments that its expert was saying that the alleged victim's statements/victim herself was truthful. Trial counsel did not provide any objection to the statements made by the State.

Finally, the totality of trial counsel's errors failed to subject the State's case to the adversarial testing required by the Constitution, which deprived Theroux of a fair trial.