UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDEN R. THEROUX,

    Petitioner,

v.                                              Case No. 22-cv-1441-pp

KEVIN A. CARR,

    Respondent.

**ORDER SCREENING AMENDED *HABEAS* PETITION (DKT. NO. 40)**

On December 2, 2024, the court received from the petitioner (who is representing himself) an amended petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2016 convictions for first-degree sexual assault, repeated sexual assault of a child and exposure of a child to harmful material. Dkt. No. 40. This order screens the amended petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

**I.    Background**

The court has discussed in detail the procedural background of this case and the petitioner's underlying state court conviction in both the court's prior screening order and its order granting the petitioner leave to amend his petition. Dkt. Nos. 8, 39. The court will not restate that background a third time here, save to say that the court granted the petitioner leave to file this

1

amended petition by the end of the day on November 29, 2024. The court did not receive the amended petition until December 2, 2024, but the court was closed on November 29, 2024 for the Thanksgiving holiday. Because the court received the petition by the end of the next business day, it was timely filed. The court will screen the amended petition.

**II.     Rule 4 Screening**

    A.     Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an

2

unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the petitioner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. The Petition

The amended petition raises four grounds for relief: (1) that the trial court violated the petitioner's due process rights to a fair trial, (2) that the prosecutors violated the petitioner's due process rights to a fair trial by engaging in prosecutorial misconduct, (3) ineffective assistance of trial counsel and (4) ineffective assistance of appellate counsel. Dkt. No. 40 at 6–9. All four

3

claims are cognizable on federal *habeas* review. See Perruquet v. Briley, 390 F.3d 505, 510 (7th Cir. 2004) (explaining that due process entitles a criminal defendant to a fair trial); Lee v. Kink, 922 F.3d 772, 774 (7th Cir. 2019) (recognizing availability of *habeas* relief for ineffective assistance of trial counsel); Whyte v. Winkleski, 34 F.4th 617 (7th Cir. 2022) (reviewing claim for ineffective assistance of appellate counsel).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitation for filing a *habeas* petition; it generally requires a petitioner to file his federal *habeas* petition within one year of the date on which the judgment became final. 28 U.S.C. §2244(d)(1)(A). When the petitioner filed his original petition in December 2022, more than one year had passed since the state court entered an amended judgment of conviction in May 2017. But the limitation period may be tolled for "properly filed" state post-conviction motions. 28 U.S.C. §2244(d)(2). The record shows that the petitioner has filed several state post-conviction motions. Whether they were "properly filed," and how much time since entry of the amended judgment of conviction might be excluded as a result of those motions, is impossible for the court to determine at this stage. Because the limitation period is an affirmative defense, the respondent has the burden of proving that a petition was not timely filed. Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004). The court cannot conclude at the screening stage that the original petition was not timely filed. The court will allow the petitioner to proceed and will order the respondent to file a responsive pleading.

4

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on the grounds in his amended *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the amended petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

5

Case 2:22-cv-01441-PP    Filed 02/05/25    Page 5 of 6    Document 41

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 5th day of February, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**