BRANDON R. THEROUX,

        Petitioner,

  v.

                                          Case No. 22-cv-1441-pp

KEVIN A. CARR,

        Respondent.

**ORDER CONSTRUING PETITIONER'S MOTION TO DISMISS WITHOUT PREJUDICE (DKT. NO. 47) AS NOTICE OF VOLUNTARY DISMISSAL, DIRECTING CLERK'S OFFICE TO CLOSE CASE AND DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS (DKT. NO. 44)**

On December 2, 2022, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2016 judgment of conviction in Eau Claire County Circuit Court on charges of first-degree sexual assault of a child, repeated sexual assault of the same child and exposure to harmful materials. Dkt. No. 1. After ordering the petitioner to pay the $5 filing fee and receiving that fee, dkt. no. 7, the court allowed the petitioner to proceed on Grounds Two and Three of the petition (ineffective assistance of trial and appellate counsel), dkt. no. 8. Rather than filing an answer, the respondent moved to dismiss the petition, arguing that it was barred by the one-year limitation period because the petitioner's conviction became final on June 16, 2017 and he took no further action until March 2019. Dkt. No. 12 at 5. The respondent also argued that the petitioner had procedurally defaulted on

1

Grounds Two and Three because the state court had rejected them on adequate and independent state law procedural grounds. Dkt. No. 12. The petitioner filed a ninety-three-page brief in opposition, dkt. no. 29, but simultaneously filed a motion to amend his petition, dkt. no. 28. The court granted the petitioner's motion to file an amended petition and denied as moot the respondent's motion to dismiss and motion to strike the petitioner's oversized brief. Dkt. No. 39.

On December 2, 2024, the court received from the petitioner an amended petition for writ of *habeas corpus* raising four grounds for relief: (1) the trial court violated the petitioner's due process rights to a fair trial; (2) the prosecutors violated the petitioner's due process rights to a fair trial by engaging in prosecutorial misconduct; (3) ineffective assistance of trial counsel; and (4) ineffective assistance of appellate counsel. Dkt. No. 40. Although the court expressed concern about the timeliness of the petition, the court acknowledged that the limitation period is an affirmative defense and allowed the petitioner to proceed on all grounds. Dkt. No. 41 at 4.

The respondent filed a second motion to dismiss, again arguing that the petition is untimely and the petitioner has procedurally defaulted on his claims. Dkt. No. 44. The court ordered the petitioner to respond by the end of the day on June 20, 2025. Dkt. No. 45. The petitioner did not oppose the motion to dismiss; instead, he has filed his own motion for voluntary dismissal. Dkt. No. 47. The petitioner asks to dismiss without prejudice because he has "zero legal knowledge in producing correct legal documents" and does "not

2

want to mess up any chance" that he may have in the future. Id. at 1. He explains that the man who was helping him had a mental breakdown and that the two have parted ways. Id. He says that he cannot afford an attorney and that no one is willing to help. Id. The respondent did not respond to this motion.

At this stage of the lawsuit, the question is whether the petitioner's motion to dismiss actually is a self-executing notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), which allows a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" A plaintiff's right to voluntary dismissal by notice before the filing of an answer or a motion for summary judgment is "absolute." Marques v. Federal Reserve Bank of Chi., 286 F.3d 1014, 1017 (7th Cir. 2002). A plaintiff wishing to dismiss "doesn't need a good reason, or even a sane or any reason, to dismiss a suit voluntarily." Id. A notice to dismiss under Rule 41(a)(1)(A)(i) is "self-executing and case-terminating." United States v. UCB, Inc., 970 F.3d 835, 849 (7th Cir. 2020). Under Rule 41(a)(1)(A)(i), it does not matter whether the plaintiff labels his filing as a "notice to dismiss" or a "motion to dismiss." See Smith v. Potter, 513 F.3d 781, 783 (7th Cir. 2008).

The court construes the petitioner's motion to dismiss as a notice to dismiss under Rule 41(a)(1)(A)(i) because the respondent has filed a motion to dismiss but has not served "either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Under Seventh Circuit case law, a

3

motion to dismiss is not a responsive pleading. See Edwards-Brown v. Crete-Monee 201-U School Dist., 491 F. App'x 744, 746 (7th Cir. 2012) (holding that "a motion to dismiss is not a responsive pleading"); see also Marques v. Fed. Reserve Bank of Chi., 286 F.3d 1014, 1017 (7th Cir. 2002) (holding that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is insufficient to disturb the absolute right to dismiss a suit voluntarily under Rule 41(a)(1) in absence of answer or motion for summary judgment).

The court **CONSTRUES** the petitioner's motion to dismiss as a notice of voluntary dismissal. Dkt. No. 47.

The court **ORDERS** that the Clerk of Court must close the case and note on the docket that the plaintiff has voluntarily dismissed the case without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

The court **DENIES AS MOOT** the respondent's motion to dismiss. Dkt. No. 44.

Dated in Milwaukee, Wisconsin this 18th day of November, 2025.

                                    **BY THE COURT:**

                                    **HON. PAMELA PEPPER**
                                    **Chief United States District Judge**